FILED
United States Court of Appeals
Tenth Circuit

August 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE LOPEZ, a/k/a David Cerpa,
a/k/a Gordo, a/k/a Eduardo Ruiz-
Acunis,

Defendant-Appellant.

No. 09-3366
(D.C. No. 2:07-CR-20122-KHV-2)
(D. Kan.)

---

**ORDER AND JUDGMENT***

---

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Jose Lopez's plea agreement. The

defendant pleaded guilty to possessing methamphetamine with intent to distribute

it. Pursuant to the plea agreement, the defendant waived his right to appeal his

---

\* This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

conviction or his sentence, provided his sentence was within the advisory sentencing guideline range determined by the district court to apply. The defendant's sentence was below the statutory maximum and within the advisory guideline range determined by the court. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant, through counsel, requests the court to permit him to appeal his sentence, but he advances no arguments why the appeal waiver is unenforceable, and he concedes that "the Plea Agreement does not allow this appeal." Response at 2. We have reviewed the motion, the record and the defendant's response, and we agree that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id.*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

<div style="margin-left: 50%;">
ENTERED FOR THE COURT<br>
PER CURIAM
</div>